UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-24691-CIV-KING

JORGE R MELENDRES, FRANK )
BETANCOURT, and all others similarly )
situated under 29 U.S.C. 216(b), )
 )
          Plaintiff, )
vs. )
 )
MANGUAL'S GENERAL SERVICES, INC., )
JOSE E MANGUAL, )
 )
          Defendants. )
_____ )

## SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3)

Plaintiffs, JORGE R MELENDRES and FRANK BETANCOURT on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, file this Second Amended Complaint against Defendants, MANGUAL'S GENERAL SERVICES, INC., and JOSE E MANGUAL, and allege:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant MANGUAL'S GENERAL SERVICES, INC. is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant JOSE E MANGUAL is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate

Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Plaintiff JORGE R MELENDRES worked for Defendants as a carpenter from on or about January 10, 2015 through December 14, 2015.

10. Plaintiff FRANK BETANCOURT worked for Defendants as a carpenter from on or about June 14, 2014 through the present and ongoing.

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate

commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same. The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013 and 2014.

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

15. Between the period of on or about January 10, 2015 through December 14, 2015, Plaintiff JORGE R MELENDRES worked an average of 50 hours a week for Defendants and was paid an average of $14.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

16. Between the period of on or about June 14, 2014 through the present and ongoing, Plaintiff FRANK BETANCOURT worked an average of 52 hours a week for Defendants and was

paid an average of $15.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

17. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

**COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AS TO PLAINTIFF FRANK BETANCOURT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY**

COME NOW Plaintiffs, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

18. On or about January 20, 2016, Plaintiff FRANK BETANCOURT made a demand for his legally mandated unpaid overtime wages by joining the instant lawsuit as a party-Plaintiff

against Defendants. [DE10].

19. Soon thereafter, on or about January 30, 2016, Plaintiff was fired by Defendants, specifically the individual Defendant JOSE E MANGUAL.

20. The motivating factor for Defendants' termination of Plaintiff FRANK BETANCOURT was due to Plaintiff asserting a claim for legally mandated wages under the FLSA.

21. Said termination of Plaintiff FRANK BETANCOURT is in direct violation of 29 U.S.C. 215(A)(3) because the motivating factor for said termination was due to Plaintiff's demand for his legally mandated wages under the FLSA and, as a result, Plaintiff has been damaged.

Wherefore, Plaintiff FRANK BETANCOURT requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, as well as all other damages recoverable by law under 29 U.S.C. 216(b). *The Plaintiff requests a trial by jury.*

                        Respectfully Submitted,

                        J.H. Zidell, Esq.
                        J.H. Zidell, P.A.
                        Attorney for Plaintiffs
                        300 71st Street, Suite 605
                        Miami Beach, Florida 33141
                        Tel: (305) 865-6766
                        Fax: (305) 865-7167
                        Email: ZABOGADO@AOL.COM

                        By:__/s/ J.H. Zidell_____

           J.H. Zidell, Esq.
           Florida Bar Number: 0010121