UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-24691-CIV-KING

JORGE R MELENDRES, FRANK )
BETANCOURT, and all others similarly )
situated under 29 U.S.C. 216(b), )
                                     Plaintiff, )
                    vs. )

MANGUAL'S GENERAL SERVICES, INC., )
JOSE E MANGUAL, )
                                Defendants. )
_____ )

**ANSWERS TO SECOND AMENDED COMPLAINT UNDER 29 U.S.C. 201-216
OVERTIME WAGE VIOLATIONS AND RETALIATION UNDER 29 USC 215(A)(3)**

Defendants Mangual's General Services, Inc. ("MGS"), and Jose E. Mangual ("Mangual") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12 and 81, hereby file their Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiffs Jorge R. Melendres ("Melendres") and Frank Betancourt ("Betancourt") (collectively "Plaintiffs").

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

**ANSWER**: **Plaintiff's introduction and summary in ¶ 1 regarding the nature of this lawsuit is not an allegation of fact to which a response is required. To the extent a response is required, Defendants deny any and all liability and further deny that Plaintiff is entitled to any relief.**

2.    The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

**ANSWER**: **Defendants are without sufficient knowledge concerning the location of Plaintiff's domicile during the relevant period.**

3.    The Defendant MANGUAL'S GENERAL SERVICES, INC. is a corporation that regularly transacts business within Dade County. Upon information and belief, the

    Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment (the relevant time period.).

    **ANSWER**: **MGS denies that it employed Plaintiffs during the relevant period.  MGS admits that it conducts business in Miami-Dade County.  The remaining allegations are denied.**

4.   The individual Defendant JOSE E MANGUAL is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

    **ANSWER**: **Mangual admits that he is a corporate officer of MGS. The remaining allegations are denied.**

5.   All acts or omissions giving rise to this dispute took place in Dade County.

    **ANSWER**: **Defendants deny that they employed Plaintiffs and further deny that they engaged in any of the misconduct alleged in the Second Amended Complaint. Defendants are not proper parties in this lawsuit and therefore have no knowledge of where the alleged "disputes" occurred.**

### COUNT I. FEDERAL OVERTIME WAGE VIOLATIONS

6.   This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b).  It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

    **ANSWER**: **Defendants deny that they employed Plaintiffs and further deny that they engaged in any of the misconduct alleged in the Second Amended Complaint. Any individual or collective action against Defendants based on the allegations in the Amended Complaint is wholly improper.  The remaining allegations are denied.**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

   **ANSWER**: **The allegations in Paragraph 7 constitute legal conclusions to which no response is required.  Nevertheless, Defendants deny any misconduct and further state that they have been improperly named as parties to this lawsuit.**

8. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…"

   **ANSWER**: **The allegations in Paragraph 8 constitute legal conclusions to which no response is required.  Nevertheless, Defendants deny any misconduct or liability.**

9. Plaintiff JORGE R MELENDRES worked for Defendants as a carpenter from on or about January 10, 2015 through December 14, 2015.

   **ANSWER**: **Denied.**

10. Plaintiff FRANK BETANCOURT worked for Defendants as a carpenter from on or about June 14, 2014 through the present and ongoing.

    **ANSWER**: **Denied.**

11. Defendant's business activities involve those to which the Fair Labor Standards Act applies.  Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period.  Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of the same.  The Plaintiffs' work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the

3

Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

**ANSWER**: **The allegations in Paragraph 11 constitute legal conclusions to which no response is required. Nevertheless, Defendants deny employing Plaintiffs during the relevant period. Therefore, the allegations in Paragraph 11 are denied.**

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

    **ANSWER**: **MGS admits that it employs two or more individuals. The remaining allegations constitute legal conclusions to which no response is required and are therefore denied.**

13. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013 and 2014.

    **ANSWER**: **Admitted.**

14. Upon information and belief, the Defendant Corporation's gross sales or business done exceeded $375,000 for the first nine months of the year 2015 and is expected to exceed $500,000 for the year 2015.

    **ANSWER**: **Admitted.**

15. Between the period of on or about January 10, 2015 through December 14, 2015, Plaintiff JORGE R MELENDRES worked an average of 50 hours a week for Defendants and was paid an average of $14.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

    **ANSWER**: **Denied.**

16. Between the period of on or about June 14, 2014 through the present and ongoing, Plaintiff FRANK BETANCOURT worked an average of 52 hours a week for Defendants and was paid an average of $15.00 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

    **ANSWER**: **Denied.**

17. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

    **ANSWER**: **Defendants did not employ Plaintiffs during the relevant period. Therefore, Defendants deny the allegations in Paragraph 17.**

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury*.

> **ANSWER: Plaintiffs' "Wherefore" clause is not a factual allegation to which a response is required. To the extent that a response is required, Defendants deny any and all liability and further deny that Plaintiffs are entitled to any of the relief sought.**

### COUNT II: RETALIATION UNDER 29 USC 215(A)(3) AS TO PLAINTIFF FRANK BETANCOURT AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

COME NOW Plaintiffs, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-17 above and further states:

**ANSWER: Defendants incorporate their responses to paragraph 1 through 17 of the Second Amended Complaint as if set forth fully herein. Furthermore, Defendants deny any claim of retaliation by Plaintiffs.**

18. On or about January 20, 2016, Plaintiff FRANK BETANCOURT made a demand for his legally mandated unpaid overtime wages by joining the instant lawsuit as a party-Plaintiff against Defendants. [DE10].

**ANSWER: Defendants admit that Frank Betancourt ("Betancourt") is a Plaintiff in this lawsuit. All other allegations constitute legal conclusions and are therefore denied.**

19. Soon thereafter, on or about January 30, 2016, Plaintiff was fired by Defendants, specifically the individual Defendant JOSE E MANGUAL.

**ANSWER: Defendants did not employ or fire Plaintiff. Therefore, the allegations in Paragraph 19 are denied.**

20. The motivating factor for Defendants' termination of Plaintiff FRANK BETANCOURT was due to Plaintiff asserting a claim for legally mandated wages under the FLSA.

**ANSWER: Defendants did not employ or fire Betancourt. Therefore, the allegations in Paragraph 20 are denied.**

21. Said termination of Plaintiff FRANK BETANCOURT is in direct violation of 29 U.S.C. 215(A)(3) because the motivating factor for said termination was due to Plaintiff's demand for his legally mandated wages under the FLSA and, as a result, Plaintiff has been damaged.

**ANSWER: Defendants did not employ or fire Betancourt. Therefore, the allegations in Paragraph 21 are denied.**

Wherefore, Plaintiff FRANK BETANCOURT requests judgment against the Defendants, jointly and severally, attorney's fees, costs, back wages, double or liquidated back wages from the date of firing up until and including the date of trial, reinstatement, promotion and injunctive relief prohibiting the defendants from discriminating in the manner described above, emotional distress and humiliation and pain and suffering, front wages until Plaintiff's anticipated age of retirement, as well as all other damages recoverable by law under 29 U.S.C. 216(b).  *The Plaintiff requests a trial by jury.*

> **ANSWER: Plaintiffs' "Wherefore" clause is not a factual allegation to which a response is required.  To the extent that a response is required, Defendants deny any and all liability and further deny that Plaintiffs are entitled to any of the relief sought.**

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter contained in the Amended Complaint that has not been expressly admitted, and denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' claims are barred to the extent Defendants' actions were taken in good faith reliance and conformity with established ruling, administrative regulations and interpretations of the FLSA within the meaning of 29 U.S.C. §§ 258-59.

2. To the extent Plaintiffs are deemed an employee of any of the Defendants, Plaintiff was exempt from the FLSA's overtime requirements during the relevant period.

3. Plaintiffs are not entitled to liquidated damages because any alleged acts or omissions by Defendants were undertaken or made in good faith, and Defendants had reasonable grounds for believing that their acts or omissions did not violate the FLSA.

4. Even assuming *arguendo* that Plaintiffs have established their allegations for liquidated damages, they are not entitled to pre-judgment interest.

5. Plaintiffs cannot establish a willful violation of the FLSA and cannot establish grounds warranting anything other than a two-year statute of limitations period.

6. Plaintiffs are not adequate representatives for the putative class because they are not similarly situated to other workers.

7. Plaintiffs' claims may be barred by the doctrines of payment, setoff, and/or accord and satisfaction.

8. To the extent the Court allows the proposed collective action to proceed, Defendants specifically reserve the right to file and assert any and all additional affirmative defenses that may apply to additional opt-ins.

9. Plaintiffs' claims are barred or limited by Plaintiff's failure to notify Defendants of the alleged violations.

10. Plaintiffs are not entitled to payment for work that was not requested by Defendants and of which Defendants were not aware.

11. Plaintiffs' claims are limited pursuant to the Portal-to-Portal Act, 29 U.S.C. § 254.

12. To the extent Plaintiffs are deemed an employee of any of the Defendants, Plaintiffs cannot prevail on their claims of retaliation as 1) Defendants had effective policies and procedures at all relevant times to prevent discrimination and retaliation in the workplace and 2) Plaintiffs unreasonably failed to take advantage of the procedures or corrective opportunities provided by the Defendants or to otherwise avoid harm.

13. To the extent any actions by employees of Defendants are deemed to be retaliatory, such actions were taken without any authority, without Defendants' knowledge

(actual or constructive) or approval, against Defendants' policies, and were outside the course and scope of any such employee's employment.

14. Any employment actions taken by Defendants were taken for legitimate, non-retaliatory business reasons wholly unrelated to any protected activity.

15. At all material times, Defendants acted in good faith and without any retaliatory motive or intent.

16. Plaintiffs' recovery of damages (if any) may be barred or reduced by Plaintiff's failure to mitigate damages as may be established through discovery.

17. Defendants are entitled to a set-off for any wages or benefits earned by Plaintiffs by virtue of any subsequent employment or benefits.

18. Plaintiffs' recovery of damages (if any) may be limited in whole or in part based upon the doctrine of after-acquired evidence as may be established through discovery.

19. Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel, and unclean hands because the allegations are frivolous and have been brought in bad faith.

Defendants reserve the right to assert additional defenses as may appear applicable during the course of this litigation.

Dated: March 30, 2016

        Respectfully submitted,

        STEARNS WEAVER MILLER WEISSLER
         ALHADEFF & SITTERSON, P.A.
        *Attorneys for Defendants*
        Suite 2200 - Museum Tower
        150 West Flagler Street
        Miami, Florida 33130
        Telephone:  (305) 789-3200
        Facsimile:   (305) 789-3395

        By:  s/ Jorge Freddy Perera
            Rene F. Ruiz, Esq.
            Fla. Bar No. 0520284
            rruiz@stearnsweaver.com
            Jorge Freddy Perera, Esq.
            Fla. Bar No. 93625
            fperera@stearnsweaver.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of March, 2016 the foregoing document was served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        By:  s/ Jorge Freddy Perera
            Jorge Freddy Perera

## **SERVICE LIST**

J.H. Zidell, Esq.
Florida Bar Number: 0010121
Email: ZABOGADO@AOL.COM
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, Florida  33141
Tel: (305) 865-6766
Fax: (305) 865-7167

*Attorney for Plaintiffs*

#4841092 v1