UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-24691-CIV-KING

FRANK BETANCOURT, and all others
similarly situated under 29 U.S.C. 216(b),

        Plaintiff,
vs.

MANGUAL'S GENERAL SERVICES, INC.,
JOSE E. MANGUAL,

        Defendants.
_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

Defendants MANGUAL'S GENERAL SERVICES, INC. ("MGS") and JOSE E. MANGUAL, ("Mangual") (collectively "Defendants"), hereby serve their Reply to Plaintiff FRANK BETANCOURT's ("Betancourt" or "Plaintiff") Response in Opposition to Defendants' Motion to Compel [D.E. No. 43] ("Response").

After Defendants filed their Motion to Compel [D.E. No. 39] ("Motion"), Plaintiff *finally* submitted the outstanding discovery sought in the Motion. Therefore, the only outstanding issues before the Court are whether: 1) Defendants may re-depose Plaintiff on the narrow issues raised by Plaintiff's amended discovery responses and supplemental production; 2) Defendants are entitled to the reasonable fees and costs associated with re-deposing Plaintiff given that Plaintiff impeded, delayed, and frustrated his fair examination; and 3) Defendants may recover reasonable fees incurred in drafting the Motion to Compel and this Reply, pursuant to 28 U.S.C. § 1927, given that, as discussed below, counsel has unreasonably, unnecessarily and vexatiously multiplied the proceedings in this case.[1]

---

[1] While Defendants did not originally seek sanctions pursuant to 28 U.S.C. § 1927, Defendants now seek sanctions in light of the gross misrepresentations in Plaintiff's Response, as addressed in more detail below.

I. **BACKGROUND**

   A. **Review Of Conferrals Between Counsel.**

Ordinarily, Defendants would not trouble the Court, or ask it to expend judicial resources, reviewing a detailed recitation and supporting documentation of Defendants' conferral efforts. Unfortunately, however, because Plaintiff's Response so **grossly** misrepresents Defendants' conferral efforts and Plaintiff's corresponding responses, Defendants believe it is necessary to provide the Court with the following review in support of the relief sought:

1. As explained in Defendants' Motion, Plaintiff admitted at his deposition on December 12, 2016, that he lied on his interrogatory responses and that he withheld responsive documents (or provided them to his attorneys and they withheld the documents). At the deposition, Defendants' counsel requested that the discovery be amended and the documents be provided.

2. Despite learning of the falsity of their client's answers to discovery and withholding of pertinent documents, Plaintiff's counsel did not amend the responses.

3. A few days later, on December 21, 2016, Defendants' counsel (at that time, Mr. Perera) for the *second* time conferred with Plaintiff's counsel about these issues. Defendants' counsel specifically stated that Defendants intended to file the necessary pleadings to obtain the discovery, to re-depose Plaintiff, to seek fees for re-deposing Plaintiff with the benefit of the amended discovery, and to seek fees for the misconduct outlined in the email. *See* Exhibit 1 (Dec. 21 Email from Defendants' counsel to Plaintiff's counsel, Ms. Jaff, Mr. Kelly, and Mr. Sheskin).

4. Neither Ms. Jaff, Mr. Kelly, nor Mr. Sheskin responded to Mr. Perera's December 21 email.

5. Accordingly, Defendants' counsel attempted to confer for the *third* time on December 28 stating "We would like to follow-up regarding the conferral below." *See* Exhibit 2 (Dec. 28 Email from Defendants' counsel to Plaintiff's counsel, Ms. Jaff, Mr. Kelly, and Mr. Sheskin).

6. Again, neither Ms. Jaff, Mr. Kelly, nor Mr. Sheskin responded to Mr. Perera's December 28 email.

7. In early January, after Mr. Perera separated from the Firm Stearns Weaver Miller (*see* D.E. No. 36, F. Perera's Unopposed Motion to Withdraw as Attorney), the undersigned attorneys submitted notices of appearance in the case (*see* Notices of

Attorney Appearance, D.E. Nos. 33, 34, and 38). On January 30, 2017, counsel for Defendants (Ms. Madrigal) reached out to Plaintiff's counsel in a ***fourth*** and final attempt to resolve the issues without Court intervention. Given the time already allotted to Plaintiff to respond and the fast approaching cut off for discovery and filing of motions, Defendants sought to receive the information by the next business day (January 31).[2]  *See* Exhibit 3 (Jan. 30 Email from Defendants' counsel to Plaintiff's counsel, Ms. Jaff, Mr. Kelly, and Mr. Sheskin).

8. Later that day, counsel for Plaintiff, Ms. Jaff, emailed Defendants' counsel and stated this was "the first we've heard about this in the new year." Plaintiff's counsel requested "additional time" and stated that it was not going to prejudice Defendants.[3] *See* Exhibit 4 (Jan. 30 Email from Plaintiff's counsel Ms. Jaff to Defendants' counsel).

9. Despite the already lengthy delay, as an additional courtesy, Defendants provided Plaintiff's counsel with additional time, and asked that Ms. Jaff respond by February 3. *See* Exhibit 5 (Jan. 31, 11:07 a.m. Email from Defendants' counsel to Plaintiff's counsel, Ms. Jaff).

10. Even after Defendants' counsel provided Plaintiff until February 3 to respond, Plaintiff's counsel responded that "I'm not sure what you don't understand about me needing time to confer with my client." *See* Exhibit 6 (Jan. 31, 11:11 a.m. Email from Plaintiff's counsel Ms. Jaff to Defendants' counsel). Defendants were perplexed by this response since they ***had*** given Plaintiff additional time. Thus, Defendants' counsel responded to Plaintiff's counsel stating "we look forward to your response by Friday." *Id.* (Jan. 31, 11:19 a.m. Email from Defendants' counsel to Plaintiff's counsel, Ms. Jaff).

11. February 3 came and Plaintiff ***did not respond*** (either by amending the discovery or requesting more time).[4]

---

[2] In making this request, Defendants' counsel also considered the fact that Plaintiff testified in his deposition that his counsel was already in possession of his tax returns.

[3] Plaintiff's counsel has reneged on the representation that Defendants would not be prejudiced by Plaintiff's request for additional time, as Plaintiff has now moved to quash three non-party subpoenas (including a subpoena directly related to Plaintiff's amended responses and supplemental production) by arguing that the subpoenas would seek documents outside of the discovery period. *See* D.E. No. 44.

[4] In the Response, Plaintiff represents, however, that "the requested additional time was

12. Still, Defendants did not file the Motion on February 3.  Defendants afforded Plaintiff *additional* time, and did not file the Motion until the afternoon of February 6.

13. On February 13, Plaintiff sent Defendants redacted tax returns and amended answers to the interrogatories and requests for production and requested that Defendants withdraw their Motion.

14. Defendants acknowledged receipt of the supplemental materials, but explained they could not withdraw the Motion in its entirety as the Motion also sought fees and costs of Plaintiff's continued deposition given Plaintiff's prior conduct.

15. During a conferral telephone call on February 16, when asked what Defendants intended to question Plaintiff about, Defendants' counsel was clear that Plaintiff would only be examined on new issues raised as a result of Plaintiff's amended responses. Specifically, 1) Plaintiff's employment with Medical Supply Super Center (an employer for which he worked during the time he claims to have worked for Defendants and which he had not disclosed), 2) criminal charges that Plaintiff disclosed and as to which Defendants did not already have knowledge of, and 3) issues relating to the tax returns Plaintiff provided and which had failed to previously produce.[5]

**B. Gross Misrepresentations In Plaintiff's Response.**

Plaintiff's Response contains misrepresentations extending beyond those that relate to conferral efforts.

### 1. Plaintiff's Counsel Is Not New To This Case.

To excuse Plaintiff's failure to comply with his discovery obligations, Plaintiff's Response asks that the Court "take judicial notice that the undersigned was not the primary attorney working on the instant discovery issues at the time of initial conferral emails sent by Defense Counsel at the end of December 2016" and states that Mr. Fox was the primary attorney who, around that time, had left the firm.[6]  Even if true, this does not excuse Plaintiff's failure to comply. But it is not true.  And Plaintiff's Response shows lack of candor to the Court.

---

necessary to meet and confer with Plaintiff and the undersigned was not afforded same." Resp. at 2, n.1. As evidenced by the conferral emails, Plaintiff was afforded additional time.

[5] In the Response, however, Plaintiff's counsel incorrectly represents that Defendants have requested to re-depose Plaintiff "without specifying what additional discovery they believe is pertinent." Resp. at 2, ¶ 4.

[6] Plaintiff's counsel never mentioned a transition of counsel until the parties' conferral telephone

4

Plaintiff's current counsel, Ms. Jaff, filed a Notice of Appearance in December 2015 [D.E. No. 9] and has been actively involved in the case for months before Plaintiff's deposition. Plaintiff's current counsel signed Plaintiff's Motion for leave to file and serve the Third Amended Complaint (the operative complaint) on October 26, 2016 [D.E. No. 26] and was the attorney who negotiated the settlement of Plaintiff Melendres in November 2016 (weeks before Plaintiff's deposition and before the discovery issues arising). Plaintiff's gross failure to comply with his discovery obligations were not the result of Mr. Fox's departure[7] or any transition in counsel.

### 2. Plaintiff Did Not Miss Two Days Of Work.

Plaintiff's Response argues that Defendants should not be allowed to re-depose Plaintiff because:

> Plaintiff should not have to go through the annoyance, embarrassment and undue expense of another deposition and, moreover, it is annoying and oppressive as Plaintiff has already *missed approximately two days worth of work* (one for preparation and one for attendance) and traveled each way, in order to attend his deposition. Requiring Plaintiff to do so again, and *lose an additional days work* would create an undue burden and expense in addition to being annoying and oppressive. Defendants should not be rewarded for taking a callous approach to Plaintiff's livelihood.

Resp. at 6.

This argument is also troubling in that it does not comport with the record. Plaintiff testified at his deposition that, at the time he gave his deposition (in December 2016), he *was not working* and the last time he had worked was a few months before his deposition. Plaintiff testified:

Q: Are you currently working?
A: No, not at this time.
Q: When was the last time you worked?
A: Last time I worked, I don't remember.
Q: Months? Years?
A: A few months ago, I did some paint work. I painted houses….

*See* Exhibit 8, Excerpt of Plaintiff Betancourt's Deposition Transcript, at 32:3-11.

---

call on February 16.

[7] Indeed, it appears that Mr. Fox left Plaintiff's counsel's firm weeks before Plaintiff's deposition. *See* Exhibit 7, LinkedIn Profile of Mr. Stephen Michael Fox, accessed Feb. 23, 2017, 3:41 p.m.

Given that testimony, Plaintiff either misrepresented his employment situation during his deposition (and **still** has not disclosed all of his employers)[8] or Plaintiff's counsel is advancing an argument that is not premised on accurate facts in further lack of candor to the Court.

### 3. Plaintiff Lied In His Discovery Responses And Did Not Abide By His Discovery Obligations.

To avoid being questioned on issues that undermine his claims, Plaintiff argues that "any inaccurate testimony at the depositions may be the result of confusion, mistake, faulty memory" or Defendants' "poorly drafted" Interrogatories. Neither argument has merit.

For example, as to Interrogatory 8, clearly Plaintiff understood the interrogatory enough to answer that he was involved in at least one criminal case. Yet, he occulted the over 40 other criminal charges that he knew were part of his record. When questioned about this at the deposition, he did not say he forgot about all the others (which, in any event, would be extremely difficult to believe given the sheer amount of arrests and criminal charges). Instead, he, in a very cavalier fashion, said it was "it's [Defendants' counsel's] job or - - and [his] attorney's job" to "verify" that the information he provides is accurate.

Betancourt then blamed his attorneys for never telling him that he had to list his entire criminal record. *See* Ex. 8 at 49:22–50:1. As another example, when asked why he did not produce his tax returns even though he had filed them and Defendants requested them, Plaintiff did not state that he "forgot." Instead, he said he gave his tax returns to his lawyers. Yet, the tax returns were not produced before Plaintiff's deposition.

### 4. Defendants' Counsel Provided Plaintiff's Counsel With Legal Authority Requiring Supplementation of Discovery.

Plaintiff's counsel represents that "Plaintiff is not aware of any controlling law that requires Plaintiff to amend his responses after his deposition to conform with the testimony given at his deposition had new information been given at same." This is, again, incorrect.

On February 9, Defendants served Plaintiff with a request for supplemental responses to Defendants' discovery, pursuant to Rule 26(e)(1). Plaintiff's counsel responded by requesting that Defendants withdraw their request because Plaintiff's "responses would be due after the discovery deadline." Defendants' counsel responded by explaining that Rule 26 created a mandatory duty for Plaintiff to supplement his answers to discovery after he learned that "in

---

[8] Because Plaintiff has brought a retaliation claim, any and all employment after he left the Doral Modern jobsite would be relevant to the issue of mitigation of damages.

some material respect the… response is incomplete or incorrect." *See* Exhibit 9 (Feb. 9 email from Defendants' counsel to Plaintiff's counsel Ms. Jaff). Thus, if the rules of ethics and professionalism were insufficient to require Plaintiff's counsel to amend Plaintiff's deficient and perjurious discovery responses by their own accord, certainly Rule 26(e)(1) created that duty and Plaintiff's counsel was aware of it.

To represent now that Plaintiff was not aware of a controlling authority which required him to amend his, not only incomplete but purely false, discovery responses is demonstrably untrue.

## II. ARGUMENTS

### A. The Court Should Grant Defendants Leave To Re-depose Plaintiff On The Narrow Issues Raised After Plaintiff Amended His False Discovery Responses.

Plaintiff argues that Defendants should be denied leave to re-depose Plaintiff for the following reasons: 1) Defendants had the criminal record "readily available" at the time of Plaintiff's first deposition and questioning on the criminal record would be duplicative; 2) Plaintiff's tax returns speak for themselves; 3) there are alternative means of obtaining the information; 4) Plaintiff has missed two days of work and will miss another day of work for re-deposition; and 5) the discovery Defendants seek is a "fishing expedition."  None of those arguments have any merit.

#### 1. Defendants already agreed to limit the discovery on the criminal issues.

During the February 16 telephone conferral, Defendants counsel represented that a cross-check would be completed to determine what criminal charges Plaintiff disclosed that Defendants were not already aware of. Furthermore, Defendants' counsel agreed to limit the questioning to only those criminal charges that Defendants were not aware of. Accordingly, any questioning on this issue would not be duplicative.

#### 2. Defendants are entitled to question Plaintiff on his tax returns.

Defendants requested Plaintiff's tax returns in June of 2016. Plaintiff responded that he did not have them. This was false. Had Plaintiff been truthful, Defendants would have questioned him on his tax returns, which reveal a second employer. Plaintiff's attempt to block this discovery is improper and baffling given Plaintiff's conduct.

#### 3. Defendants should be allowed to depose Plaintiff on key issues.

While Plaintiff suggests that an interrogatory would be a less-expensive way of obtaining the same discovery, Defendants disagree. Interrogatories are generally crafted with the assistance

7

of counsel. Defendants should be allowed to get direct answers from Plaintiff himself on the issues raised in his amended discovery responses. *See Seuthe v. Renwal Prod., Inc.*, 38 F.R.D. 323, 324 (S.D.N.Y. 1965) ("[I]nterrogatories are not an effective substitute for an oral deposition, particularly where an adverse party is under examination.").

### 4. The Concern Over Plaintiff "Missing Work" Appears To Be A Fabrication.

As previously established, Plaintiff testified that he was not working at the time of his deposition, so he did not miss work to prepare or to attend the deposition. But even if he did, the need to re-depose him is directly attributable to his failure to comply with his discovery obligations. This "reason," which as discussed above, appears to be a complete fabrication lacking candor to the Court, is no reason at all to prevent Plaintiff's continued deposition.

### 5. The discovery Defendants seek is far from a "fishing expedition."

Defendants seek to question Plaintiff on issues that could not be more relevant to this case. Plaintiff's argument that this is a "fishing expedition" is truly incomprehensible. Plaintiff claims that he worked overtime for Defendants in Miami. However, Plaintiff's amended responses state that Plaintiff actually had another employer (Medical Supply Super Center, LLC) during the same time he allegedly worked for Defendants. Defendants are entitled to ask Plaintiff about his work for Medical Supply Super Center, LLC.

## B. The Court Should Grant Defendants The Reasonable Fees And Costs Associated With Re-deposing Plaintiff And Deny Plaintiff's Request For Fees.

Demonstrating zero accountability for Plaintiff's gross failure to comply with his discovery obligations, Plaintiff incredibly argues that Defendants should bear the cost of re-deposing Plaintiff because "Plaintiff should not be penalized because of Defendants' impatience." Resp. at 8. Plaintiff's argument is misguided and disingenuous. As the conferrals between the parties make abundantly clear, Defendants were more than reasonable and patient when conferring with Plaintiff. Defendants' counsel conferred in good faith on *four different occasions* before ever even receiving a response from Plaintiff's counsel.

Astoundingly, though, after Plaintiff lied on his discovery responses, after Plaintiff ignored several conferral inquiries, and after Plaintiff has tried to cover up those actions by making gross misrepresentations to the Court, Plaintiff makes an ill-mannered request for fees pursuant to Rule 37(a)(5)(B). There is zero basis for a fee award to Plaintiff, and Defendants respectfully request that the Court deny Plaintiff's motion for fees.

It is Plaintiff, and/or Plaintiff's counsel, that should pay Defendants' fees for drafting the Motion to Compel and this Reply, and for unreasonably and unnecessarily multiplying the proceedings for a vexatious purpose. *See* 28 U.S.C. § 1927; *see also Hernandez v. Quality Construction Performance, Inc*., Case No.: 1:13-cv-23267-UU, Order Granting Motion to Compel and Motion for Sanctions, D.E. No. 27 (ordering Plaintiff's counsel to cover fees of re-deposing witness pursuant to Rule 30(d)(2) and/or Rule 37).

### III. CONCLUSION

WHEREFORE, Defendants respectfully request this Court: 1) grant Defendants' Motion to Compel and allow Defendants to re-depose Plaintiff on the narrow issues raised by Plaintiff's amended discovery responses and any documents received pursuant to the subpoena of Plaintiff's former employer; 2) award Defendants fees and costs associated with re-deposing Plaintiff after Plaintiff impeded, delayed, and frustrated his fair examination; 3) award Defendants reasonable fees incurred in preparing the Motion to Compel and this Reply and pursuant to 28 U.S.C. § 1927 for unreasonably and vexatiously multiplying the proceedings; and 4) award any other relief the Court deems just and necessary.

Dated: February 27, 2017

Respectfully submitted,
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
*Attorneys for Defendants*
Suite 2200 - Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395

By: /s/ Giselle G. Madrigal
    Rene F. Ruiz, Esq.
    Fla. Bar No. 0520284
    rruiz@stearnsweaver.com
    Bayardo E. Aleman, Esq.
    Florida Bar No. 28791
    baleman@stearnsweaver.com
    Giselle Gutierrez Madrigal, Esq.
    Florida Bar No. 100254
    gmadrigal@stearnsweaver.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 27, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: /s/ Giselle G. Madrigal
Giselle G. Madrigal

## **SERVICE LIST**

J. H. Zidell, Esq.
Fla. Bar No: 0010121
zabogado@aol.com
K. David Kelly, Esq.
Fla. Bar No: 0123870
David.kelly38@rocketmail.com
Rivkah F. Jaff, Esq.
Fla. Bar No: 107511
rivkah.jaff@gmail.com
**J.H. ZIDELL, P.A.**
300 71st Street, Suite 605
Miami Beach, Florida  33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167

*Attorneys for Plaintiff*

#5568629

11