UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-24691-CIV-KING

FRANK BETANCOURT, and all others
similarly situated under 29 U.S.C. 216(b),

        Plaintiff,
vs.

MANGUAL'S GENERAL SERVICES, INC.,
JOSE E. MANGUAL,

        Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO PLAINTIFF'S DISCOVERY AND FOR SANCTIONS

Defendants MANGUAL'S GENERAL SERVICES, INC. ("MGS") and JOSE E. MANGUAL, ("Mangual") (collectively "Defendants"), hereby serve their response to Plaintiff FRANK BETANCOURT's ("Betancourt" or "Plaintiff") Motion to Compel Better Responses to Plaintiff's Discovery and for Sanctions [D.E. No. 41] ("Motion"), and states as follows:

**I. BACKGROUND**

On January 3, 2017, less than two months before the discovery deadline, Plaintiff served Defendants with his First Request for Production ("Requests") and First Set of Interrogatories ("Interrogatories"). Defendants promptly responded to the Requests and Interrogatories. On February 14, Plaintiff moved to compel better responses to Requests Nos. 2-9 and 14. Aside from Request No. 2 (tax returns) and No. 14 (list of employees working for Defendants while Plaintiff worked for Defendants), all of the Requests at issue pertained to the issue of enterprise coverage under the Fair Labor Standards Act ("FLSA").

On February 17, in preparing for a property inspection requested by Plaintiff (to be conducted on February 20), Defendants' counsel learned of new information regarding Defendants' additional suppliers. Given this new information, Defendants felt it was prudent to stipulate to enterprise coverage under the FLSA in this case as to 2014, 2015, and 2016.[1] As such, Plaintiff's Requests were either addressed or mooted. In light of this, Defendants have requested that Plaintiff withdraw his Motion; however, Plaintiff has not responded to Defendants and has not withdrawn his Motion.

## II. ARGUMENTS

In addition to there being nothing to compel, and that Plaintiff's Motion is therefore moot, the Motion should be denied for the following substantive and procedural reasons:

### A. Plaintiff's Motion To Compel Documents Should Be Denied Because The Issues Have Been Resolved Or Are Moot.

All of Plaintiff's Requests have either been addressed or are now moot. Accordingly, the Court should deny Plaintiff's Motion to Compel.[2]

---

[1] Defendants deny that Plaintiff worked, or that he could have worked, at the construction job site these three years.

[2] As an aside, Plaintiff cites to a stale discovery standard. Specifically, Plaintiff cites to the *pre-amendment* Rule 26(b), defining the scope of discovery to include documents "reasonably calculated to lead to the discovery of admissible evidence." That standard has been deleted from the Rules. The amended and proper standard for the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *Cameron v. Supermedia, LLC*, No. 4:15CV315-MW/CAS, 2016 WL 1572952, at *3 (N.D. Fla. Apr. 19, 2016) (citing Fed. R. Civ. P. 26(b)(1)) (emphasis added).

### i. Defendants produced MGS's tax returns.

With respect to **Request 2**, though Defendants stipulated to enterprise coverage, Defendants nonetheless produced to Plaintiff MGS's tax returns for 2014 and 2015, and have agreed to supplement 2016 when those returns become available.[3] Defendants did so to avoid and unnecessary discovery dispute—given Plaintiff's argument that despite the stipulation, the tax returns remained relevant as it pertains to Defendants' position that it never employed Plaintiff.

### ii. Defendants did not employ Plaintiff.

**Request 14** seeks "a list of all employees…that Defendants has [sic] employed during Plaintiff's entire period of employment with Defendants." As Defendants have explained to Plaintiff, Defendants never employed Plaintiff (or any employees who performed the duties Plaintiff alleges he performed) and therefore the answer to Plaintiff's Request is none. In other words, as Defendants explained to Plaintiff, there is nothing to produce or for the Court to compel.

### iii. The remaining requests are also moot.

As Defendants' originally objected, compliance with **Requests No. 3, 4, 5, 6, 7, 8, & 9** would be disproportionate to the needs of the case. But regardless of the objection, compliance

---

[3] Plaintiff's request includes a request for the 2013 corporate tax returns. However, Plaintiff alleges he began working for Defendants in 2014; accordingly, 2013 tax returns would be irrelevant to any issues in this case.

Also, Plaintiff mentions that his W-2/1099s would be relevant to showing what amounts Defendants paid Plaintiff. Mot. at 7. However, (i) Plaintiff's Requests do not seek W-2s or 1099s, (ii) Defendants never paid Plaintiff anything because they did not employ him (thus, no such documents exist), and (iii) Plaintiff testified at his deposition that he never received a W-2/1099 from Defendants. *See* Exhibit 5, Excerpt of Plaintiff Betancourt's Deposition, at 132:4-11.

with the objectionable requests became moot after Defendants' stipulation to enterprise coverage for 2014-2016 (with the exception of MGS' tax returns, *see* A(i) above).

The only purpose of **Requests 3, 4, 5, 6, 7, 8, and 9** is for Plaintiff to gather evidence to argue that Defendants were covered under the FLSA.[4] Because Defendants have already stipulated to enterprise coverage, there is no reason for Defendants to be compelled to produce documents—any further request to do so would only be meant to harass and annoy Defendants. Because all of Plaintiff's Requests have either been addressed or are now moot, the Court should deny Plaintiff's Motion to Compel.

### B. Plaintiff's Motion To Compel And Motion For Sanctions Should Be Denied For Failure To Comply With Rule 37 And Local Rule 7.1(a)(3) ("Conferral Rules").

In addition to being substantively deficient, Plaintiff's Motion should be denied because it is procedurally improper.

#### i. Plaintiff's conferral certification is deficient.

Rule 37(a)(1) states that a motion to compel "***must***" include "a certification that the movant has in ***good faith*** conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (emphasis added). Moreover, S.D. Fla. L.R. 7.1(a)(3) requires that counsel certify that the conferral was made "in a ***good faith*** effort" to resolve issues. (emphasis added). Plaintiff's Certificate of Conferral does not state that Plaintiff conferred with Defendants "in good faith," nor could it. Mot. at 15. Instead, the Certificate merely states "[t]he undersigned has conferred with Defense Counsel and has been unable to resolve the issues herein." *Id.* For this independent procedural reason, the Court should deny Plaintiff's Motion to Compel and Motion for Sanctions. *See Regions Bank v.*

---

[4] As to Request Nos. 3 and 4, Defendants do not have UCT-6 forms, 941 forms, quarterly federal tax returns, 940 forms, RT6 Quarterly Reports for the requested years anyway. As to Request Nos. 5 and 7, Defendants do not have responsive documents.

4

*Legal Outsource PA*, No. 214CV476FTM29MRM, 2016 WL 7228738, at *2 (M.D. Fla. Mar. 10, 2016) ("[F]ailure to comply with the requirements of Rule 37(a)(1) and Local Rule 3.01(g) constitutes sufficient grounds to deny the relief sought by the noncompliant moving party . . . ."); *Marler v. U-Store-It Mini Warehouse Co.*, No. 09-60613-CIV, 2011 WL 1430262, at *2 (S.D. Fla. Apr. 14, 2011) ("Strict compliance with Local Rule 7.1(a)(3) is very important.").

### ii. Plaintiff did not confer in good faith.

Plaintiff's boilerplate certification, in addition to being procedurally improper, indicates Plaintiff's failure to properly confer—which also requires denial of the Motion. The Conferral Rules require *more than just a certification* that a party conferred in good faith. The Conferral Rules require that a party *actually confer <u>in good faith</u>*, which Plaintiff failed to do.

Plaintiff's counsel first emailed Defendants' counsel on February 7 at 3:16 p.m. raising certain issues about Defendants' Responses to Plaintiff's Requests and Interrogatories. *See* Exhibit 1 (Feb. 7 Email from Plaintiff's counsel to Defendants' counsel). The e-mail stated "**Please advise by close of business tomorrow 2/8/17** whether Defendants will agree to provide better responses. We intend to seek sanctions along with our motion to compel should same be necessary." *Id*. The following day, Defendants confirmed via e-mail a request for additional time to resolve the issues Plaintiff raised, stating we "hope to get back to you by Friday [Feb. 10]." *See* Exhibit 2 (Feb. 8 Email from Defendants' counsel to Plaintiff's counsel).

Given Defendants' commitment to another matter (i.e., an out of town deposition in West Palm Beach), Defendants' counsel advised Plaintiff that same Friday "we will get back to you next week." *See* Exhibit 3 (Feb. 10 Email from Defendants' counsel to Plaintiff's counsel). However, on Monday morning (8:40 a.m.), Plaintiff's counsel again stated "**I intend to move to compel should Defendants fail to respond by close of business today….**" *See* Exhibit 4 (Feb. 13 Email from Plaintiff's counsel to Defendants' counsel).

5

Though counsel for Defendants (Ms. Madrigal) was travelling out of town for depositions, counsel responded to Plaintiff's counsel that Monday—resolving all of the issues as to the interrogatories (to avoid any unnecessary discovery motions) and requesting the courtesy of an additional day and half to address the issues as to the document Requests. Plaintiff's counsel, however, ***never responded*** and instead filed the Motion without concluding the required conferral.

This Court has stated, however, that:

> In order to "confer," a movant must have a give-and-take exchange with opposing counsel. Sending an email and demanding an immediate or near-immediate response [as here] and then filing a motion before having an actual substantive discussion with opposing counsel [as here] does not amount to a conference or consultation. Instead, it is a one-way missive.

*Marler*, 2011 WL 1430262, at *1.

This time would not have prejudiced Plaintiff in any way and would have resolved many of the issues raised in the Motion. The Motion should be denied for this reason alone.

### C.  Plaintiff's Motion For Fees Should Be Denied.

While Federal Rule of Civil Procedure 37 provides for an award of fees if a motion to compel is granted, it also states that the Court "must ***not order this payment*** if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). Here, a fee award would be improper for all three reasons.

As explained above, Plaintiff did not properly confer before filing the Motion. Plaintiff's haste was unnecessary and improper, and thus, Plaintiff's Motion for Sanctions should be denied.

Moreover, while Defendants have not addressed the merits (or better said, lack of merit) of Plaintiff's Motion here (as many of the issues were mooted after the stipulation to enterprise coverage), Defendants' objections to the highly objectionable requests were substantially justified. Stated otherwise, even if Plaintiff would have prevailed on some of the substantive issues in the Motion, an award of fees would be unjust because Defendants' positions were substantially justified. *See In re Application of Repulic of Ecuador*, No. 4:11MC73-RH/WCS, 2012 WL 5519611, at *5 (N.D. Fla. Nov. 2, 2012), *aff'd sub nom. Republic of Ecuador v. Hinchee*, 741 F.3d 1185 (11th Cir. 2013) ("Here the Republic has prevailed on the most substantial issues. But the issues were not free of doubt . . . This was a genuine dispute on which reasonable people could differ. No sanctions will be imposed."); *Kelly v. Shipman*, No. 4:16CV709-RH/CAS, 2017 WL 678505, at *2 (N.D. Fla. Feb. 14, 2017) (declining to award sanctions, stating that "Here some of the losing positions were substantially justified.").

Lastly, Plaintiff's inflammatory claim that Defendants acted in bad faith is certainly not supported by the record. Under Plaintiff's own recitation of the standard for bad faith, the Court would have to find that Defendants have practiced fraud or that the "very temple of justice has been defiled." *S.E.C. v. Creative Capital Consortium, LLC*, No. 08-81565-CIV, 2009 WL 5031353, at *6 (S.D. Fla. Dec. 14, 2009). **There is no such allegation here, nor can there be**. Defendants' conduct was more than reasonable. Indeed, Defendants have already resolved some of the issues, despite not being given a fair opportunity to address all the issues raised in the Motion. To suggest now that Defendants' conduct was in bad faith is disingenuous, and there is certainly no basis for a fee award to Plaintiff. The Court should deny Plaintiff's Motion for Sanctions.

### III. CONCLUSION

WHEREFORE, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel; deny Plaintiff's Motion for Sanctions; and award any other relief that the Court deems just and necessary.

Dated: February 28, 2017

Respectfully submitted,
STEARNS WEAVER MILLER WEISSLER
ALHADEFF & SITTERSON, P.A.
*Attorneys for Defendants*
Suite 2200 - Museum Tower
150 West Flagler Street
Miami, Florida 33130
Telephone:  (305) 789-3200
Facsimile:   (305) 789-3395

By: /s/ Giselle G. Madrigal
 Rene F. Ruiz, Esq.
 Fla. Bar No. 0520284
 rruiz@stearnsweaver.com
 Bayardo E. Aleman, Esq.
 Florida Bar No. 28791
 baleman@stearnsweaver.com
 Giselle Gutierrez Madrigal, Esq.
 Florida Bar No. 100254
 gmadrigal@stearnsweaver.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on February 28, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

By: /s/ Giselle G. Madrigal
Giselle G. Madrigal

## SERVICE LIST

J. H. Zidell, Esq.
Fla. Bar No: 0010121
zabogado@aol.com
K. David Kelly, Esq.
Fla. Bar No: 0123870
David.kelly38@rocketmail.com
Rivkah F. Jaff, Esq.
Fla. Bar No: 107511
rivkah.jaff@gmail.com
**J.H. ZIDELL, P.A.**
300 71st Street, Suite 605
Miami Beach, Florida  33141
Telephone: (305) 865-6766
Facsimile: (305) 865-7167

*Attorneys for Plaintiff*

#5575219