**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-24691-Civ-KING/TORRES

FRANK BETANCOURT,

Plaintiff,

v.

MANGUAL'S GENERAL SERVICES, INC.,
JOSE E MANUGAL,

Defendants.
_______________________________________/

**ORDER ON DEFENDANTS' MOTION TO COMPEL**

This matter is before the Court on Mangual's General Services, Inc. and Jose E. Manugal's (collectively, "Defendants") Motion to Compel ("Motion") [D.E. 39] against Frank Betancourt ("Plaintiff" or "Mr. Betancourt") to produce documents improperly withheld and to submit complete and truthful interrogatory responses. Plaintiff responded to Defendants' Motion on February 20, 2017. [D.E. 43] and Defendants timely replied on February 27, 2017. [D.E. 46]. Therefore, this Motion is now ripe for disposition.[1] After careful consideration of the Motion, response, reply and relevant authority, and for the reasons discussed below, Defendants' Motion is **GRANTED in part** and **DENIED in part**.

---

[1] On February 7, 2017, the Honorable James Lawrence King referred this Motion to the undersigned Magistrate Judge for disposition. [D.E. 40].

## *I. BACKGROUND*

This lawsuit was originally filed by Jorge R. Melendres on December 21, 2015, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA"). An Amended Complaint was filed on December 29, 2015 adding Mr. Betancourt as a plaintiff. A Second Amended Complaint was filed on March 10, 2016 in which Mr. Betancourt added a claim of alleged retaliation under the FLSA. While Mr. Melendres is no longer a party to this action, Defendants have denied liability and maintain that they did not employ Plaintiff.

## *II. ANALYSIS*

Defendants' Motion relates back to Plaintiff's deposition on December 12, 2016, where Defendants claim it became evident that several of Plaintiff's prior discovery responses intentionally withheld material information. Despite providing some of the discovery responses under penalty of perjury, Plaintiff allegedly used the discovery process to deceive Defendants.

During Plaintiff's disposition on December 12, 2016, both parties became aware that Plaintiff's interrogatory responses and document productions were highly inaccurate. More specifically, Plaintiff's interrogatory response indicated that he only had *one* prior criminal matter. But, at Plaintiff's deposition, he disclosed that he had many other "issues with the law" that were not revealed. Defendants' independent research purportedly demonstrated that Plaintiff has actually been arrested fourteen (14) times and has been charged with more than forty (40) criminal counts. Among those many counts, Plaintiff has allegedly been

charged with aggravated assault, felonious possession of a firearm, grand theft, and forgery.

Plaintiff's discovery responses with respect to any other jobs he had during a specified time period were also inaccurate. Plaintiff claimed that he had no other places of employment while working for Defendants, but Plaintiff revealed during his deposition that he worked for another entity during the time he claimed to have been working for Defendants. [D.E. 39-3 at 135:1-5] ("Q: During the time that you were at the project, did you work for anybody else? A: No. No, I just remember I worked somewhere at a part-time. Yes, I worked at a part-time in Boca Raton.").

Plaintiff's inaccurate discovery responses continued to his tax returns. Plaintiff claimed that he had no tax records in his possession, custody, or control in his discovery responses. But, Plaintiff revealed at his deposition that he personally gave his lawyers copies of his taxes that were not produced to Defendants. [D.E. 39-3 at 6-14 ("Q: So you made the determination that it wasn't responsive? A: No, not that it wasn't responsive. I just didn't think it was necessary. But in the case it was included in the taxes for that year, which I gave to him. Q: You gave your lawyers copies of the taxes? A: The taxes.").

During the deposition and via email on December 21 and 28, 2016, Defendants requested Plaintiff's counsel to produce the responsive documents that were improperly withheld and to immediately correct Plaintiff's discovery responses. Plaintiff's counsel never responded to these emails [D.E. 46-1, 46-2] and Defendants' counsel attempted to confer again on January 30, 2017 to request

amended responses and access to the documents improperly withheld. [D.E. 46-3]. On January 30, 2017, Plaintiff's counsel stated via email that she needed additional time to confer with her client because this was "the first we've heard about this in the new year." [D.E. 46-4].

Despite the already lengthy delay, Defendants claim that they provided Plaintiff's counsel – as a professional courtesy – an additional five (5) days to confer with Plaintiff and requested that Plaintiff respond no later than February 3, 2017. However, Plaintiff's counsel responded that he still needed time to confer with his client before committing to such a deadline. [D.E. 46-6]. After February 3rd passed and Plaintiff purportedly did not respond, Defendants gave Plaintiff one last chance to respond and waited until the afternoon of February 6th to file their Motion to compel.

After Defendants filed their Motion, Plaintiff submitted the outstanding discovery on February 13th, including redacted tax returns and amended answers to Defendants' interrogatories and requests for production. During a conferral telephone call on February 16th, Defendants' counsel allegedly made clear to Plaintiff that they would seek to re-depose Plaintiff only on the new issues raised as a result of Plaintiff's amended discovery responses. More specifically, these newly raised issues include: (1) Plaintiff's employment with Medical Supply Super Center (an employer for which he worked during the time he claims to have worked for Defendants and which was purportedly not disclosed), (2) criminal charges that Plaintiff disclosed and as to which Defendants did not already have knowledge of,

and (3) issues relating to the tax returns Plaintiff provided and which he failed to previously produce.

Therefore, Defendants argue that the only outstanding issues before the Court are (1) whether Defendants may re-depose Plaintiff on the narrow issues raised by Plaintiff's amended discovery responses and supplemental production, (2) whether Defendants are entitled to the reasonable fees and costs associated with re-deposing Plaintiff, and (3) whether Defendants may recover reasonable attorney's fees incurred in drafting their Motion.

***A. Re-deposing the Plaintiff***

The first issue is whether the Plaintiff should be re-deposed in light of the many inaccuracies included in Plaintiff's prior discovery responses. Pursuant to FRCP 30(d)(1), "unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." FED. R. CIV. P. 30(d)(1). Local Rule 26.1.K. adopts the federal rule – meaning both rules require leave of Court before a party may seek to depose a witness for a second time. Moreover, FRCP 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." FED. R. CIV. P. 30(a)(2)(A)(ii).

As Judge Rosenbaum explained with respect to FRCP 26(b)(2)(C):

> [D]iscovery should be limited if the Court determines that the requested discovery is (i) unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs the likely benefit. FED. R. CIV. P. 26(b)(2) (C)(i), (ii), (iii). The Advisory Committee Notes to Rule 30(d) make clear that the party seeking a court order to extend a deposition or otherwise alter the limitations must show good cause to justify such a court order. *See* Advisory Committee Note to 2000 Amendment to FED. R. CIV. P. 30(d).

*Arugu v. City of Plantation*, 2010 WL 2609394, at *3 (S.D. Fla. June 27, 2010). Therefore, the principles set forth in FRCP 26(b)(2) govern this Motion and require Defendants – as the moving party in support of a second deposition – to demonstrate good cause for re-deposing Plaintiff.

Before the Court examines whether Defendants have demonstrated good cause, the Court will briefly address Plaintiff's arguments as to why Plaintiff should not be re-deposed. First, in an apparent attempt to excuse Plaintiff's failure to comply with his discovery obligations, Plaintiff's counsel – Ms. Jaff – requests that the Court take judicial notice that she was not the primary attorney working on the discovery issues at the time of the initial conferral emails sent by Defense counsel at the end of December 2016. Instead, Mr. Fox (her colleague) was purportedly the primary attorney and he ended his time at the firm at some point around the time Defendants sent an email requesting that Plaintiff amend his discovery responses. But, even if true, this does not excuse Plaintiff's failure to supplement the record. As Defendants points out, Ms. Jaff filed a Notice of Appearance in December 2015

[D.E. 9] and appears to have been actively involved in this case for several months before Plaintiff's deposition.[2]

Second, Plaintiff argues that Defendants should not be allowed to re-depose Plaintiff because "Plaintiff has already missed approximately two days worth of work (one for preparation and one for attendance) and travelled each way, in order to attend his deposition. Requiring Plaintiff to do so again, and lose an additional days work would create an undue burden and expense in addition to being annoying and oppressive." [D.E. 43]. But, Plaintiff's contention appears problematic because, during Plaintiff's deposition in December 2016, Plaintiff claimed that he was not working at the time and had not done so for a few months before the deposition. [D.E. 46-8]. The Court is unsure how Plaintiff's argument has any merit when Plaintiff's prior testimony conflicts with the argument presented in his response brief. Therefore, Plaintiff's argument on this point is not persuasive.[3]

Third, Plaintiff argues that Defendants had certain documents readily available at the time of Plaintiff's deposition (presumably accessible through the internet), and that Defendants are merely engaging in a "fishing expedition." These arguments hold no merit and appear to indicate that Plaintiff misunderstands the purpose of discovery. A party cannot simply serve incorrect discovery responses,

---

[2] For example, Ms. Jaff signed Plaintiff's Motion for leave to file and serve the Third Amended Complaint on October 26, 2016 – less than two months before plaintiff's deposition in December 2016. [D.E. 26].

[3] Even if Plaintiff's argument had any merit, any burden that Plaintiff would incur is a direct result of Plaintiff's own inadequate discovery responses proffered to Defendants and failure to comply with the Federal/Local Rules.

become aware of the obvious inaccuracies during a deposition, ignore emails from opposing counsel, and then attempt to argue Defendants should have exercised diligence in tracking down the requested documents/information themselves. This would contravene the purpose of the Federal/Local Rules and frustrate the entire discovery process. Moreover, Plaintiff's argument is undermined by the fact he has the independent duty to supplement incorrect discovery responses apart from Defendants requesting him to do so.

Upon full consideration of the parties' arguments, the Court finds good cause to allow Defendants to re-depose Plaintiff in this matter. During Plaintiff's deposition, he admitted that his criminal record presented in his discovery responses was inaccurate, but indicated that it was his "attorney's job to verify that." [D.E. 46-8]. The same holds true with respect to Plaintiff's tax returns when Plaintiff indicated that he gave them to his lawyers, yet they were not produced before Plaintiff's deposition.[4] FRCP 26 makes clear that a party is required to supplement to the opposing party – without waiting for a subsequent discovery request – an amended response in a *timely* manner once the response has been found to be incomplete or incorrect. *See* FED. R. CIV. P. 26(e)(1). However, Plaintiff obviously failed to comply with both the Federal and Local Rules and appears to believe that it was Defendants' fault for not sending more correspondence to remind him.

---

[4] Defendants allegedly requested Plaintiff's tax returns in June 2016, but Plaintiff responded that he did not have them.

Defendants sent numerous emails dating back to December 21, 2016, yet Plaintiff appeared to simply ignore them and failed to respond until January 30, 2017 while asserting that "[t]his is the first we've heard about this [issue] in the new year." [D.E. 46-4]. Plaintiff's tactics have unmistakably delayed the discovery process and have now pushed the parties past the original discovery cutoff of March 1, 2017. Accordingly, Defendants' Motion to re-depose Plaintiff is **GRANTED**, but limited only to the narrow set of issues raised after Plaintiff amended his discovery responses on February 13, 2017.[5]

## *III. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Compel is **GRANTED in part** and **DENIED in part**. Plaintiff will provide two alternative dates for him to appear for a deposition within the next five (5) days of this Order – to take place within the next ten (10) days – and Defendants will issue a notice to deposition for that purpose.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[5] As for Defendants' request for costs associated with re-deposing Plaintiff – including attorney's fees for the filing of their Motion – Defendants' Motion is **DENIED**. While Plaintiff bears the brunt of this discovery delay, Defendants are not without fault as Defendants should have brought this matter to the Court's attention sooner to prevent Plaintiff's stonewalling.