**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 15-24691-Civ-KING/TORRES

FRANK BETANCOURT,

Plaintiff,

v.

MANGUAL'S GENERAL SERVICES, INC.,
JOSE E MANUGAL,

Defendants.
_____________________________________/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This matter is before the Court on Frank Betancourt ("Plaintiff" or "Mr. Betancourt") Motion to Compel ("Motion") [D.E. 41] against Mangual's General Services, Inc. and Jose E. Manugal's (collectively, "Defendants") to compel better discovery responses and sanctions. Defendants responded to Plaintiffs' Motion on February 28, 2017. [D.E. 47] and Plaintiff timely replied on March 6, 2017. [D.E. 49]. Therefore, this Motion is now ripe for disposition.[1] After careful consideration of the Motion, response, reply and relevant authority, and for the reasons discussed below, Plaintiff's Motion is **GRANTED in part** and **DENIED in part**.

## *I. BACKGROUND*

This lawsuit was originally filed by Jorge R. Melendres on December 21, 2015, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA"). An

---

[1] On February 15, 2017, the Honorable James Lawrence King referred this Motion to the undersigned Magistrate Judge for disposition. [D.E. 42].

Amended Complaint was filed on December 29, 2015 adding Mr. Betancourt as a plaintiff. A Second Amended Complaint was filed on March 10, 2016 in which Mr. Betancourt added a claim of alleged retaliation under the FLSA. Specifically, Mr. Betancourt alleges that between the period of June 14, 2014 through January 30, 2016, Plaintiff worked an average of fifty-two (52) hours per week and was paid an average of $15.00 per hour. Yet, Mr. Betancourt alleges that he was never paid the extra half time rate for any hours worked over forty (40) hours in a week as required by the Fair Labor Standards Act. Mr. Betancourt therefore claims the half time overtime rate for each hour worked above forty (40) hours in a week. Because he made a demand for his legally mandated unpaid overtime wages and joined this lawsuit on January 20, 2016, Mr. Betancourt alleges that Defendants terminated him in violation of 29 U.S.C. 215(A)(3).[2]

## *II. ANALYSIS*

The purpose of Plaintiff's Motion is to compel better discovery responses and sanctions. On January 3, 2017, Plaintiff served Defendants with his first set of discovery requests. Defendants served their responses on February 2, 2017. Plaintiff alleges that Defendants have objected to discovery germane to Plaintiff's FLSA overtime wage and retaliation claims and better responses are needed to establish a factual record to present to the Court and/or jury.

---

[2] While Mr. Melendres is no longer a party to this action, Defendants have denied liability and maintain that they did not employ Plaintiff.

Since the filing of Plaintiff's Motion, Defendants have supplemented their discovery productions and provided Plaintiff with a copy of the corporate defendants' tax returns for the years 2014 and 2015 and have agreed to supplement their production for the year 2016 when those returns become available. Defendants have also stipulated to FLSA coverage/subject matter jurisdiction for the years 2014, 2015, and 2016. Therefore, Plaintiff only seeks to compel better discovery responses to requests for production nos. 3-9 and 14. Plaintiff also seeks an award for reasonable attorney's fees and costs accrued in connection with this Motion. Defendants' primary response is that Plaintiff's Motion is moot because there is nothing to compel as all of Plaintiff's requests have either been addressed, lack relevance, or are facially improper.

*a.* *Request Nos. 3-9*

With respect to production request nos. 3-9, Defendants argue that all of Plaintiff's discovery requests would be disproportionate to the needs of this case. And regardless of that objection, Defendants contend that compliance with the requests purportedly became moot after Defendants' stipulation to enterprise coverage for 2014-2016. Therefore, the only purpose of these requests is allegedly for Plaintiff to gather evidence to argue that Defendants were covered under the FLSA. Because Defendants have now stipulated to enterprise coverage, they believe there is no reason for Defendants to be compelled to produce documents as any further request to do so would purportedly be meant to harass and annoy.

In response to Plaintiff's request nos. 3 and 4 for any documents used by Defendants or their accountant to prepare Defendants' federal tax returns, Plaintiff argues that these documents are necessary because they show how Defendants may have classified Plaintiff for the purposes of his FLSA claim. Plaintiff claims these documents might also show the amounts of money Defendants were paying Plaintiff and whether they were classifying their entire workforce as 1099 employees or not classifying them at all. However, Defendants indicated in their opposition brief that they are not in possession of any of the *enumerated* documents included in Plaintiff's discovery request.[3] To the extent Plaintiff believes that there are additional "underlying documents" that Defendants used to prepare their tax returns, this request is impermissibly vague and overbroad. Accordingly, Plaintiff's Motion on the basis is **DENIED**.

In response to Plaintiff's request nos. 5 and 7 for any documents reflecting Florida sales and use tax returns filed with the Florida Department of Revenue and a copy of all contracts between Defendants and their clients from the years 2013-2016, Defendant contends that they do not have any responsive documents to produce. While Plaintiff may take issue with that representation, there is nothing

[3] Plaintiff's document requests nos. 3 and 4 make clear that they seek documents not solely limited to the enumerated categories of documents included therein.

for the Court to compel at this time.[4] Therefore, as to Plaintiff's request nos. 5 and 7, Plaintiff's Motion is **DENIED**.

As for Plaintiff's request nos. 6, 8, and 9, Plaintiff seeks (documents for the years 2013-2016) (1) all of the individual Defendants' bank statements, (2), copies of all documents that reflect the amount of money paid to or owed to Defendants by their clients and (3) copies of all receipts of whatever kind that reflect the amount of money paid to or owed to Defendants by their clients. Plaintiff claims that these documents are required because they can be used to validate that all supplies and/or materials used by Defendants' employees were not purchased by another source. More specifically, Plaintiff's request for bank statements will allegedly indicate what products Defendants purchased and what was purchased at each distributor. However, the Court finds this request is facially overbroad. No sufficient showing has been made as to why the facts of this case require such broad discovery. Accordingly, as to Plaintiff's request nos. 6, 8, and 9, Plaintiff's Motion is **DENIED**.

---

[4] Of course, if the Court later finds that Defendants' response was false or misleading, a motion for sanctions may arise in the future. *See Point Blank Sols., Inc. v. Toyobo Am., Inc.*, 2011 WL 742657, at *3 (S.D. Fla. Feb. 24, 2011) at *3 ("The plain language of Rule 37 permits a Court to award monetary sanctions only after the requesting party has proved the matter at issue."). But, for now, the Court has no basis to grant relief. *See id.* at *5 ("On the current record, the Court cannot conclude that [the party's] conduct with respect to these requests for admission was in bad faith or taken for vexatious, wanton, or oppressive reasons. Absent extraordinary circumstances which are not present here, Rules 36 and 37 permit defendants to 'put the plaintiff to his proof' and provide plaintiffs with a *post*-trial avenue of relief when defendants' failure to admit was unwarranted.").

*b.* *Request No. 14*

In response to Plaintiff's request for "[a] list of all employees with names, phone numbers and addresses that Defendants ha[ve] employed during Plaintiff's entire period of employment with Defendants," Defendants claim that this request is moot. More specifically, Defendants believe there is nothing to produce because they never employed Plaintiff – or any employees who performed the duties Plaintiff alleges he performed – and therefore the answer to Plaintiff's request is purportedly none. Plaintiff takes issue with Defendants' counterargument because the question – as drafted – does not limit the response to *only* those employees who performed the duties Plaintiff allegedly performed. Therefore, Plaintiff contends that the discovery request is not moot because Defendants have failed to properly respond to the question presented.

Plaintiff's counterargument is well taken. The documents requested will undoubtedly assist Plaintiff in rebutting Defendants' primary defense – which is that Plaintiff was an independent contractor and not subject to the FLSA. Defendants' argument that there are no other employees similarly situated to Plaintiff – and therefore there is nothing to produce – misses the mark because it is the categorization of employees that is critical here. Moreover, the request is not overbroad in temporal scope because it only seeks a list of all employees during Plaintiff's period of employment with Defendants. Because Plaintiff only began working for Defendants on or about June 14, 2014, there is no persuasive reason why this is a burdensome request. To this extent, Plaintiff's Motion is **GRANTED**.

## *III. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**. Defendants are ordered to produce responsive documents in connection with Plaintiff's production request no. 14 within twenty-one (21) days of the entry of this Order. To this extent, Plaintiff's Motion is **GRANTED**. As for Plaintiff's remaining discovery requests, including a request for attorney fees, Plaintiff's Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of March, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge