# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 15-24691-Civ-KING/TORRES

FRANK BETANCOURT,

    Plaintiff,

v.

MANGUAL'S GENERAL SERVICES, INC.,
JOSE E MANUGAL,

    Defendants.
_____/

## ORDER ON DEFENDANTS' MOTION
## TO EXCLUDE WITNESSES AND EXHIBITS

This matter is before the Court on Mangual's General Services, Inc. and Jose E. Mangual's (collectively, "Defendants") Motion to Exclude Witnesses and Exhibits ("Motion") against Frank Betancourt's ("Plaintiff" or "Mr. Betancourt"). [D.E. 71]. Plaintiff responded on July 10, 2017. [D.E. 74]. Therefore, Defendants' Motion is now ripe for disposition.[1] After careful consideration of the Motion, response, relevant authority, and for the reasons discussed below, Defendants' Motion is **GRANTED**.

---

[1] On July 5, 2017, the Honorable James Lawrence King referred Defendants' Motion to the undersigned Magistrate Judge for disposition. [D.E. 72].

1

## I. BACKGROUND

This lawsuit was originally filed by Jorge R. Melendres on December 21, 2015, alleging unpaid overtime under the Fair Labor Standards Act ("FLSA"). An Amended Complaint was filed on December 29, 2015 adding Mr. Betancourt as a plaintiff. A Second Amended Complaint was filed on March 10, 2016 in which Mr. Betancourt added a claim of alleged retaliation under the FLSA. While Mr. Melendres is no longer a party to this action, Defendants have denied liability and maintain that they did not employ Plaintiff.

Specifically, Plaintiff alleges that between the period of June 14, 2014 through January 30, 2016, Plaintiff worked an average of fifty-two (52) hours per week and was paid an average of $15.00 per hour. Yet, Plaintiff alleges that he was never paid the extra half time rate for any hours worked over forty (40) hours in a week as required by the Fair Labor Standards Act. Mr. Betancourt therefore claims the half time overtime rate for each hour worked above forty (40) hours in a week. Because he made a demand for his legally mandated unpaid overtime wages and joined this lawsuit on January 20, 2016, Plaintiff alleges that Defendants terminated him in violation of 29 U.S.C. 215(A)(3).

In October 2016, Plaintiff moved for leave to file a third amended complaint to add Lazaro Ortiz ("Ortiz") as a party to this action. [D.E. 26]. In November 2016, the Court denied Plaintiff's motion for leave to amend and noted that "[t]his action has been pending since December 21, 2015," holding that Plaintiff failed to show good cause for the delay in seeking the amendment. [D.E. 30]. Ortiz then filed his

own action against the same Defendants in *Ortiz et al. v. Mangual's General Services, Inc.* 16-24789-Civ-DPG (the "*Ortiz* Action"). Yoandris Medina ("Medina") later joined that lawsuit as a plaintiff.

At the pre-trial conference, the Court bifurcated the trial to address the issue of whether Defendants employed Plaintiff (trial on liability) before addressing other issues (trial on damages) to avoid confusion of the jury. On May 18, 2017, Plaintiff filed an Amended Exhibit List and Amended Witness List and the parties filed their Amended Joint Pre-trial Stipulation on May 30, 2017. [D.E. 66]. The trial on liability is currently scheduled for two weeks beginning July 24, 2017.

## II.    ANALYSIS

Defendants' Motion seeks to exclude exhibits and witnesses identified in Plaintiff's Amended Exhibit list and Amended Witness List. [D.E. 63-64]. Specifically, Defendants move to exclude: (1) Ortiz, (2) Medina, (3) Defendants' responses to the First Request for Production served in the *Ortiz* Action, (4) Defendants' responses to the First Request for Admissions in the *Ortiz* Action, (5) Defendants' responses to the First Set of Interrogatories in the *Ortiz* Action, and (6) Plaintiff's reservation of rights to introduce any of the Defendants' exhibits in the *Ortiz* Action.

On February 17, 2016, the Court entered its Scheduling Order in this action and set March 1, 2017 as the date by which the parties were required to complete all discovery. [D.E. 15]. In preparation for the pre-trial conference, the parties prepared and filed [D.E. 58] a joint pre-trial stipulation and attached their

3

respective exhibit and witness lists. Defendants contend that this was the *first* time – on April 27, 2017 [D.E. 58] – that Plaintiff notified Defendants of the intent to call Ortiz and Medina as witnesses or use any discovery from the *Ortiz* Action in this trial and Defendants purportedly noted their objections to the proposed evidence accordingly. Because Plaintiff allegedly failed to disclose any of these witnesses or exhibits, Defendants argue that they must be excluded as a matter of law.

### A. *The Exclusion of Ortiz and Medina as Trial Witnesses*

Defendants argue that on June 27, 2016, they served their First Set of Interrogatories to Plaintiff. Specifically, interrogatory 1 asked Plaintiff to identify *all* persons he believed may have information or knowledge, or who may possess any documents, relating to any of the allegations set forth in the complaint or Defendants' answer and affirmative defenses. The interrogatory requested that Plaintiff identify the substance of the information or knowledge the person may possess. Plaintiff responded on July 28, 2016. In response to interrogatory 1, Defendants claim that Plaintiff failed to identify either Ortiz or Medina as a witness relevant to this case.

As the case progressed, Defendants contend that Plaintiff failed to amend or supplement his response at any point before the close of discovery and never indicated to Defendants that either individual would be a potential witness. It was purportedly not until Plaintiff provided his initial trial witness list on April 27, 2017 – after the close of discovery – that Defendants became aware of Plaintiff's intent to have Ortiz or Medina testify or to have discovery from the *Ortiz* Action used in this

4

case. Because Plaintiff allegedly violated Federal Rule of Civil Procedure 26, Defendants believe that the testimony of Ortiz and Medina must be excluded because Plaintiff's omission was not substantially justified or harmless. *See* FED. R. CIV. P. 26(e)(1); 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

Federal Rule of Civil Procedure 26(a)(1)(A) provides that "a party must, without awaiting a discovery request, provide to the other parties . . . the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26. The disclosing party is under a continuing obligation to "supplement or correct its disclosure or response . . . in a timely manner" if additional persons become known and that "information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

As a consequence for violating Rule 26, Rule 37 allows the Court to exclude a witness as a sanction unless the failure was either substantially justified or harmless. "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009) (quoting *Leathers v. Pfizer, Inc.*, 233 F.R.D. 687, 697 (N.D. Ga. 2006)). "In addition to or instead of [exclusion], the court, on

5

motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose]; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions." FED. R. CIV. P. 37(C). "In determining whether a witness is properly excluded based on a failure to disclose, the Eleventh Circuit considers: '(1) the importance of the testimony; (2) the reason for the appellant's failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify.'" *Godwin v. Wellstar Health Sys., Inc.*, 2015 WL 7313399, at *2 (N.D. Ga. Nov. 19, 2015) (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004)).

Here, Defendant argues that there is no justification for Plaintiff's failure to disclose Ortiz or Medina under Rule 26. The fact that Defendants may have been aware of the existence of Ortiz and Medina as a result of their separately pending lawsuit purportedly does not excuse Plaintiff from his obligation under the Federal Rules to identify them as persons with knowledge of the allegations underlying *this* action or of providing the substance of their alleged knowledge as it relates to this case.

Plaintiff's response is that his failure to disclose Ortiz and Medina as potential trial witnesses is harmless. Plaintiff argues that there should be no surprise in Ortiz's relevance because Ortiz previously attempted to join this matter in October 2016. As stated earlier, Plaintiff moved for leave to file a third amended complaint to add Ortiz as a party to this action. [D.E. 26]. But, in November 2016,

6

the Court denied Plaintiff's motion for leave to amend and noted that "[t]his action has been pending since December 21, 2015," holding that Plaintiff failed to show good cause for the delay in seeking the amendment. [D.E. 30]. Ortiz then filed his own action against the same Defendants in the *Ortiz* Action. And Medina later joined that lawsuit as a plaintiff. As such, Plaintiff contends that Defendants had adequate time to conduct discovery – based on the awareness of the *Ortiz* Action – and that the testimony of Ortiz and Medina is critical to the issues presented.

As a separate argument, Plaintiff argues that Local Rule 26.1(g) required defense counsel to file their Motion within thirty days after it learned of the alleged deficiency. Plaintiff contends that the original pretrial stipulation was filed on April 27, 2017 and that both Ortiz and Medina were listed in the attached witness lists. Because Defendants' Motion was not filed until June 30, 2017, Plaintiff argues that Defendants have failed to comply with the time frame set forth in the Local Rules and that Defendants never sought an enlargement. As such, Plaintiff suggests that Defendants' Motion can be summarily denied because it is untimely.[2]

There is no dispute that Defendants did not become aware of Plaintiff's intent to disclose Ortiz or Medina until April 27, 2017 – after the deadline for motion practice passed on March 6, 2017. According to the Court's Scheduling Order, the

---

[2]     Defendants' response, with respect to the timeliness of their Motion, is that there is no dispute that the motion deadline in this action passed on March 6, 2017. However, Defendants note that they could not have moved to exclude evidence that it was not aware Plaintiff intended to use until on or about April 27, 2017. As such, Defendants believe there is good cause for the relief requested and that, at the pretrial conference, the Court discussed some of the proposed evidence and suggested that the parties would likely need to brief evidentiary issues as it relates to these untimely disclosed witnesses.

Court ordered that "[a]ll unresolved motions will be considered and ruled upon at the pre-trial conference" on May 9, 2017. [D.E. 15]. During the pre-trial conference, Defendants suggested that the Court discussed some of the proposed evidenced and listened to the parties' objections as to some of the evidence to be presented at trial. The Court purportedly noted that the parties would likely need to brief outstanding evidentiary issues, which may explain why Defendants' Motion was not filed until June 30, 2017.

However, it is still not entirely clear as to why Defendants waited so long after discovering Plaintiff's omission on April 27, 2017 and the Court's pre-trial conference on May 9, 2017 to file their Motion. In any event, the Court has the discretion to bypass the Local Rules and consider a motion even if it is filed untimely. *See, e.g.*, *Buja v. Novation Capital, LLC*, 2016 WL 9026498, at *2 (S.D. Fla. Dec. 27, 2016) ("Plaintiff did technically comply with the Local Rule, and it does not appear to the Court that he has acted in bad faith. Additionally, Local Rule 26.1(g)(1) provides the Court with discretion when a discovery motion is filed untimely."). In the interests of justice and the lack of bad faith on behalf of Defendants, the Court finds that the Motion is not barred by Local Rule 26.1(g)(1). Therefore, we turn our attention to the merits of Defendants' Motion.

Plaintiff's position, as it relates to the merits of the untimely disclosure of Ortiz and Medina, is unpersuasive and the decision in *Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1343 (M.D. Ga. 2007) supports that conclusion. In *Ross*, the plaintiff requested that the court allow the deposition transcripts of several

witnesses to be admitted into evidence despite having failed to identify the witnesses in her initial disclosures and having failed to supplement them at an appropriate time. The plaintiff argued that, although the witnesses were not disclosed under Rule 26(a)(1), there was no prejudice "due to the fact that the same attorneys who represent Mercer in the present case acted as counsel in [the case in which the depositions were taken] and, during the depositions in question, they were able to cross examine these witnesses." *Id*. at 1344. Despite the defendant's knowledge of, and participation in the depositions in question, the court held the plaintiff's non-disclosure was not harmless because the defendant "did not review the undisclosed duplicate materials . . . due to their nondisclosure and thus did not have "the chance to refute the alleged facts set forth therein." *Id*.

Furthermore, the decision in *Godwin v. Wellstar Health Sys., Inc.*, 2015 WL 7313399, at *2 (N.D. Ga. Nov. 19, 2015) is equally instructive. In *Godwin*, the court granted the plaintiff's motion in limine to exclude witnesses whom the defendant failed to disclose in a timely manner and omitted in response to an interrogatory. The defendant argued in opposition to the motion that the non-disclosure was harmless because: (1) the witnesses were repeatedly referenced in documents produced by both parties for use at trial, (2) the witnesses were referenced at depositions, including by plaintiff's counsel, and (3) the documents and deposition testimony showed that the plaintiff knew that the witnesses had relevant information about the case. *See id*.

9

In granting the plaintiff's motion in limine, the court held that "[t]he rules requiring disclosure—which require identification and information about them—exist to avoid forcing parties into guessing games, and so the parties have the opportunity to conduct meaningful discovery, including by deposing potential witnesses." *Id*. (citing *Nance v. Ricoh Electronics, Inc.*, 2008 WL 926662, at *3 (N.D. Ga. Apr. 4, 2008) (finding that a plaintiff's non-compliance with Rule 26(a) was not harmless because defendant did not have the opportunity to depose the witnesses); *Ross v. Corp. of Mercer Univ.*, 506 F. Supp. 2d 1325, 1344 (M.D. Ga. 2007) (holding that party's failure to identify witnesses during discovery not harmless because opposing party "has not had the chance to refute the alleged facts" attested to by those witnesses)).

The same reasoning applies here. "A party's identification of a person as knowledgeable about the facts in a case has *unique* import, allowing the parties to focus on those an opposing party and their counsel specifically identify in initial disclosures and interrogatories." *Godwin*, 2015 WL 7313399, at *2 (emphasis added). Plaintiff's failure to timely disclose Ortiz and Medina as trial witnesses is highly prejudicial to Defendants, especially because these individuals were disclosed for the first time *after* the discovery cutoff in this action. Plaintiff also failed to supplement his interrogatory response, as required by both the Federal and Local Rules, to notify Defendants of their relevance to the issues presented. In other words, Plaintiff failed in several ways and presents no persuasive argument as to how this untimely disclosure is harmless or substantially justified. Plaintiff's

omission, if left unresolved, requires Defendants to proceed to trial without the benefit of any discovery into Ortiz and Medina – including their depositions – to inquire into their knowledge of the facts in this case and Plaintiff's alleged employment with Defendants.

Because it is well established that the mere awareness of individuals in other actions without any additional specification is insufficient to prevent "procedural and legal prejudice," and Plaintiff's argument has been routinely rejected before in the cases highlighted above, we hold that the omission of Ortiz and Medina was not substantially justified or harmless within the meaning of Rule 37. *Godwin*, 2015 WL 7313399, at *2 ("Failure to identify people with facts about a case results in procedural and legal prejudice. This prejudice is made particularly apparent by Defendant's failure to update its response to Plaintiff's Interrogatory No. 5, which required identification of and specification about those knowledgeable about the facts in the case."). As such, Defendants' Motion to exclude Ortiz and Medina as trial witnesses is **GRANTED**.

### B. *The Exclusion of Discovery Items in the Ortiz Action*

Next, Defendants argue that Plaintiff intends to introduce at trial Defendants' responses to discovery requests from the *Ortiz* Action. Beginning with their discovery responses to Plaintiff's requests for admission, Defendants argue that Federal Rule of Civil Procedure 36(b) states that an admission under the rule is not admissible for any other purpose and cannot be used against a party in any

other proceeding. As such, Defendants believe that discovery responses to the requests for admission in the *Ortiz* Action are plainly inadmissible.

Defendants further argue that the remaining items that Plaintiff seeks to introduce should also be excluded. In the *Ortiz* Action, the plaintiff served written discovery on Defendants on February 8, 2017 and the responses were due *after* the close of discovery in this case on March 1, 2017. By seeking to introduce discovery obtained in the *Ortiz* Action after the close of discovery in this case, Defendants argue that Plaintiff is improperly seeking to circumvent the Court's Scheduling Order and discovery deadline.

Furthermore, Defendants contend that there is no basis for revising the Scheduling Order to extend the discovery deadline – which is purportedly what Plaintiff is indirectly requesting the Court to do. Plaintiff allegedly had every opportunity to conduct discovery and to respond accordingly. Defendant suggests that Plaintiff never sought an extension to the discovery deadline. And unbeknownst to Defendants at the time it was responding to discovery, Plaintiff purportedly intended to use the discovery responses in this case all along. As such, Plaintiff allegedly continued developing his case after discovery in this action closed, while Defendants were purportedly left in the dark as to his plan.

At worst, Defendants label Plaintiff's approach as deceptive by knowingly continuing to conduct discovery in the *Ortiz* Action for the use in this case without providing notice to Defendants or requesting leave to extend the discovery deadline in this case. And at best, Defendants believe Plaintiff's approach was attributable

to a severe lack of diligence and disregard of the Court's Scheduling Order. Either way, Defendants request that the Court exclude the *Ortiz* materials not merely to penalize Plaintiff, but also to deter those who might be tempted to engage in similar conduct in the absence of such a deterrent.

Defendants' arguments are well taken. Plaintiff offers no persuasive reason as to why any of the materials responded to in the *Ortiz* Action should be allowed in for a substantive purpose in this case, especially when those items were irrefutably disclosed *after* the discovery cutoff in this action. Plaintiff merely argues that the exclusion of these discovery responses should be denied because Defendants' Motion is untimely.[3]

Plaintiff's position fundamentally undermines the Court's Scheduling Order which can only be modified for good cause "and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Scheduling Order made it clear that March 1, 2017 was the operative date by which all the parties were required to complete discovery. If the Court allowed the items from the *Ortiz* Action to be used for a substantive purpose at trial, it would be highly prejudicial to Defendants and run afoul of the Scheduling Order without any persuasive justification presented – let alone any good cause. The Court declines to embark down a path of allowing Plaintiff additional time to attain discovery items at the detriment of the Defendant. Accordingly, Defendants'

---

[3] The Court will not rehash the same arguments presented in connection with the potential untimeliness of Defendants' Motion. Because the Court exercised its discretion in bypassing the Local Rules with respect to Ortiz and Medina, the Court will also do the same for the remaining items in dispute and opine on the merits of Defendants' Motion as it relates to the items from the *Ortiz* Action.

Motion to exclude the discovery of materials in the *Ortiz* Action is **GRANTED** because "[t]o find otherwise would encourage litigants to routinely disregard discovery deadlines, and instead seek documents . . . outside of the discovery period by merely asserting that the documents are necessary for trial preparation." *Abrams v. Ciba Specialty Chemicals Corp.*, 265 F.R.D. 585, 589 (S.D. Ala. 2010).

### III. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Exclude Witnesses and Exhibits is **GRANTED**.[4] [D.E. 71].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of July, 2017.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[4] If the Court granted Defendants' Motion, Plaintiff requested that he be able to use Ortiz, Medina, or any of the discovery from the *Ortiz* Action for the sole purpose of impeachment. Plaintiff is correct that "Rule 26(a)(3) exempts evidence used *solely* for impeachment because pretrial disclosure would significantly diminish its impeachment value." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004) (emphasis added) (citing *Denty v. CSX Transp., Inc.*, 168 F.R.D. 549, 549 (E.D.N.C. 1996)); *see also Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) ("[O]nly evidence used solely for impeachment is exempt from the Federal Rules' disclosure requirement") (citation omitted). However, at this stage it cannot be known whether this testimony or evidence is admissible impeachment. Plaintiff's request is thus deferred until trial when a predicate for Plaintiff's request may be viable.